**Peter J. CORUZZI, Appellant,**

v.

**STATE OF NEW JERSEY, Administrative Office of the State of New Jersey, Appellees.**

No. 82–5364.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit 12(6) March 7, 1983.

Decided April 22, 1983.

Peter J. Coruzzi, pro se.

Irwin I. Kimmelman, Atty. Gen. of N.J., Trenton, N.J., for appellees.

Before SEITZ, Chief Judge, HIGGIN-BOTHAM and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

Peter Coruzzi appeals an order of the district court granting summary judgment to defendants in his civil rights action brought under 42 U.S.C. §§ 1983 and 1985 (1976). This court has jurisdiction under 28 U.S.C. § 1291 (1976).

### I.

On November 10, 1981 the Supreme Court of New Jersey initiated removal proceedings under N.J.Stat.Ann. § 2A:1B–1 *et seq.* (West Supp.1981) against appellant Peter Coruzzi, a Judge of the Superior Court of New Jersey. The removal proceedings were based on his arrest by state law enforcement officials on criminal charges involving bribery and misconduct in office.

On the same date, the Supreme Court of New Jersey also ordered Coruzzi's suspension from office without pay pursuant to N.J.Stat.Ann. § 2A:1B–5 (West Supp.1981). At the time of his suspension, this provision read as follows: "The Supreme Court may suspend a judge from office, with or without pay, pending the determination of the proceeding; provided, however, that a judge shall receive pay for the period of suspension exceeding 90 days." *Id.* The New Jersey Supreme Court's suspension order provided that "Peter J. Coruzzi may move before this Court for modification of any portion of this order upon five [5] days notice to the Attorney General or his representative..."

In December, 1981 the New Jersey Legislature amended section 2A:1B–5 by deleting the proviso limiting suspension without pay to a ninety-day period. The legislative history of the amendment explains that the New Jersey Legislature intended the change "to allow [the period of suspension without pay] to be increased indefinitely at the discretion of the Supreme Court." S. No. 3517 at 88 (Dec. 10, 1981).

In accordance with the statutory revision, Coruzzi's salary was not resumed at the expiration of ninety days. Coruzzi thereafter filed this suit under 42 U.S.C. §§ 1983 and 1985, seeking (1) a declaratory judgment that the December, 1981 statutory revision is unconstitutional either as a bill of attainder or as an ex post facto law, (2) an injunction reinstating his pay as of February 9, 1982 and (3) interest and counsel fees. He named as defendants the State of New Jersey and the Administrative Office of the Courts of New Jersey.

Upon cross-motions for summary judgment, the district court entered a judgment for defendants. The court held that the December, 1981 statutory revision was not an ex post facto law because it was regulatory in nature rather than penal. The court also held that the statutory revision was not a bill of attainder because of its general applicability. Coruzzi appeals both of these rulings. The removal proceedings against Coruzzi have been stayed pending an appeal

of his criminal conviction to the Supreme Court of New Jersey.[1]

## II.

In addition to defending the constitutionality of N.J.Stat.Ann. § 2A:1B–5, appellees also urged the district court to abstain from reaching the merits of Coruzzi's federal constitutional claims under the equitable restraint doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny. The district court, without any explanation, stated that it did not consider *Younger* controlling.

The *Younger* abstention doctrine rests on a strong federal policy of noninterference with pending state judicial proceedings. *Middlesex County Ethics Commission v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). Traditional principles of equity as well as federal-state comity demand that, "except in carefully circumscribed situations, the federal courts should not disrupt an ongoing state judicial process, either by preempting the adjudication of claims that could be brought to the state forum, by directing the state court to stay its proceedings, or by directly interfering in other ways with the natural course of state adjudication." *In re Grand Jury Proceedings (Wright II),* 654 F.2d 268, 279 (3d Cir.), *cert. denied,* 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981).

In *Middlesex County,* the Supreme Court recently set forth a three part analysis for determining whether a federal court should abstain from interfering in state judicial proceedings. First, there must be an ongoing state judicial proceeding. Second, the proceeding must implicate important state interests. Third, there must be an opportunity in the state proceeding to raise the federal constitutional challenge. 102 S.Ct. at 2522.

### A.

As previously noted, the New Jersey removal proceeding against Coruzzi has been stayed pending the final resolution of the criminal charges against him. The suspension of Coruzzi from office without pay, an integral part of this proceeding, is "pending" for purposes of the *Younger* doctrine because the Supreme Court's order permits ·Coruzzi to move for modification of the terms of his suspension during the pendency of his removal proceeding. *See Trainor v. Hernandez,* 431 U.S. 434, 446 n. 9, 97 S.Ct. 1911, 1919 n. 9, 52 L.Ed.2d 486 (1976) (attachment proceeding "pending" in state courts within meaning of *Younger* doctrine because attachment contained return date on which parties would have had opportunity to contest validity of attachment in court).

Moreover, we believe the New Jersey removal proceeding against Coruzzi is "judicial" for *Younger* purposes, since it bears several of the traditional indicia of a judicial action. For example, the New Jersey Supreme Court initiated the removal proceeding against Coruzzi by filing a complaint pursuant to N.J.Stat.Ann. § 2A:1B–3. *See Middlesex County Ethics Committee v. Garden State Bar Association,* 102 S.Ct. at 2522 (state bar disciplinary action judicial because, among other reasons, initiated by filing complaint with ethics and grievance committee). In addition, judicial removal proceedings are governed in New Jersey by the rules of the Supreme Court of that state, N.J.Stat.Ann. § 2A:1B–8, and the Supreme Court must find cause for removal "beyond a reasonable doubt". N.J. Stat.Ann. § 2A:1B–9.

Also, the removal proceeding against Coruzzi is adjudicative in nature because it requires the New Jersey Supreme Court to "investigate, declare, and enforce 'liabilities as they [stood] on present or past facts and under laws supposed already to exist.'" *District of Columbia Court of Appeals v.*

---

1. The removal proceeding was stayed pursuant to N.J.Stat.Ann. § 2A:1B–10, which provides that "[n]o hearing to remove a judge from office as provided for in this act shall be held until the cause for suspension, if the cause is a result of an independent civil, criminal or administrative action against the judge, is finally decided in a tribunal in which the judge had an opportunity to prepare his defense and was entitled to be represented by counsel."

*Feldman,* —— U.S. ——, ——, 103 S.Ct. 1303, 1313, 75 L.Ed.2d 206 (1983) (quoting *Prentis v. Atlantic Coast Line,* 211 U.S. 210, 226, 29 S.Ct. 67, 69, 53 L.Ed. 150 (1908)); *see Williams v. Red Bank Board of Education,* 662 F.2d 1008, 1017–20 (3d Cir. 1981) (*Younger* bars federal court intervention into state administrative proceedings if proceedings are adjudicative in nature and implicate important state interests).

### B.

The judicial removal and suspension proceedings against Coruzzi implicate New Jersey's interests in regulating the conduct of the members of its judiciary, and in preserving the integrity of the state's judicial branch. The Supreme Court of New Jersey has actively pursued these interests by adopting the Code of Judicial Conduct of the American Bar Association. New Jersey Supreme Court Rule 1:14. The adoption of Canon 1 of the Code, which provides that "[a]n independent and honorable judiciary is indispensible to justice in our society," demonstrates the New Jersey Supreme Court's concern about the integrity of the judiciary. Likewise, the adoption of Canon 2, which requires a judge to avoid even the appearance of impropriety in all his activities, indicates its desire to regulate the conduct of the members of its judiciary.

In *Middlesex County,* the United States Supreme Court held that New Jersey "has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses." 102 S.Ct. at 2522–23. Surely New Jersey's interests in assuring the ethical conduct of its judges and in maintaining the integrity of its judiciary are no less significant. Yet, granting the injunction requested by Coruzzi would substantially interfere with the state's pursuit of these interests via a removal proceeding accompanied by a suspension without pay, by preempting the adjudication of a claim which could have been raised in that proceeding. *In re Grand Jury Proceeding (Wright II),* 654 F.2d at 279; *see Moore v. Sims,* 442 U.S. 415, 431, 99 S.Ct. 2371, 2381, 60 L.Ed.2d 994 (1978) (abstention under

*Younger* required when federal court injunction would hold unconstitutional state temporary removal of child from parents in context of permanent child custody proceeding); *Trainor v. Hernandez,* 431 U.S. at 446 n. 9, 97 S.Ct. at 1919 n. 9 (abstention under *Younger* required because federal court injunction would hold unconstitutional state pre-trial attachment of defendant's assets in context of state civil proceeding to recoup wrongfully received welfare benefits); *State of New Jersey v. Chesimard,* 555 F.2d 63, 68 (3d Cir.1977) (in banc) (abstention necessary under *Younger* even though federal court injunction requiring that state trial not be held on Fridays in deference to religious beliefs of defendants would not substantially interfere with state criminal proceeding; abstention appropriate because injunction has reference to ongoing state proceeding, and would unnecessarily displace state supreme court's role in supervising conduct of trials in state courts).

### C.

Finally, we are not persuaded that New Jersey has not afforded Coruzzi an adequate opportunity to raise his federal constitutional claims in the Supreme Court's judicial removal proceeding. *See Middlesex County Ethics Committee v. Garden State Bar Association,* 102 S.Ct. at 2523. By its terms, the New Jersey Supreme Court's suspension order provides that Coruzzi may move the Court for modification of any portion of its order. Thus, instead of filing this civil rights action, Coruzzi could have requested the New Jersey Supreme Court to modify its order to reinstate his pay.

Significantly, the New Jersey Supreme Court's suspension order does not limit the grounds upon which Coruzzi might have relied in requesting such a modification. For this Court to assume that the New Jersey Supreme Court would bar Coruzzi from raising his constitutional claims would reflect negatively on the state's willingness to enforce federal constitutional principles. Avoiding just such an intimation, however, lies at the heart of the *Younger* doctrine.

Steffel v. Thompson, 415 U.S. 452, 460–61, 462, 94 S.Ct. 1209, 1216, 1217, 39 L.Ed.2d 505 (1974).

### III.

Despite the ability and opportunity to raise his federal constitutional claims in the New Jersey removal proceeding, Coruzzi has not done so. Therefore, we will affirm the judgment of the district court dismissing Coruzzi's civil rights action on the ground that the court should have abstained under *Younger*. Because of our disposition of this appeal, we express no opinion on the merits of the constitutional arguments raised by Coruzzi. Similarly, we need not address appellees' contentions that abstention is required under *Railroad Commission of Texas v. Pullman,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), or *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

The judgment of the district court will be affirmed.