J. Benedict CENTIFANTI

v.

Honorable Robert N.C. NIX, Jr. et al.

Civ. A. No. 87–0026.

United States District Court,
E.D. Pennsylvania.

May 28, 1987.

Mark R. Rosen, Donald J. Goldberg, Philadelphia, Pa., for plaintiff.

David R. Weyl, Administrative Office of Pa. Courts, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff is an unsuccessful applicant for reinstatement to the Pennsylvania bar who has brought this § 1983 action to challenge the rules and procedures applied by the Pennsylvania Supreme Court to applications for reinstatement. The complaint asserts violations of plaintiff's rights under the Due Process, Equal Protection and Privileges and Immunities clauses of the Constitution and seeks declaratory and injunctive relief.

On February 18, 1987, defendants filed a motion to dismiss and/or for summary

judgment in this matter. In that motion, defendants challenge the merits of the plaintiff's claim under each of these clauses. Defendants also argue that the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), requires that this Court abstain from deciding this action.

On March 6, 1987, plaintiff filed his first set of interrogatories and first set of requests for production of documents. Plaintiff seeks statistical information relating to other disbarment and suspension cases. Plaintiff argues that this discovery is necessary before he can fully respond to the motion to dismiss or for summary judgment on the merits of his constitutional claims.

Defendants have not responded to these discovery requests and have, instead, filed a motion for stay of discovery. Essentially, defendants argue that the pending motion to dismiss, if granted, would dispose of the case and render the need for discovery moot. Defendants assert that any discovery is, therefore, unduly burdensome, particularly because they are government officers. For the reasons which follow, I will deny the motion for stay of discovery.

### *Younger Abstention*

As a preliminary matter, I must determine whether I should abstain from hearing this case. After considering the memoranda submitted by the parties on this issue, I am persuaded that abstention is not appropriate in this case.

■ The doctrine of *Younger v. Harris* recognizes the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances. 401 U.S. 37, 41, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971). The doctrine is based on principles of comity, federalism, and a respect for vital state interests. *Id.* at 44, 91 S.Ct. at 750. Although the doctrine has its roots in cases seeking to enjoin criminal prosecutions, it is equally applicable to civil actions and, spe-

cifically, to actions seeking to enjoin state bar disciplinary proceedings. *Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). The doctrine also applies to federal actions seeking declaratory relief. *Samuels v. Mackell,* 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971).

In the present case, no state action is pending.[1] The question before the Court is, therefore, whether the possibility of a future state action, instituted by the plaintiff, requires abstention by the federal court today.

■ This question was left open by the Supreme Court in *Younger,* 401 U.S. 37, 41, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 and *Samuels,* 401 U.S. 66, 73–74, 91 S.Ct. 764, 768–769, 27 L.Ed.2d 688. However, an answer was provided in *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974):

> [W]hen no state prosecution is pending and the only question is whether declaratory relief is appropriate[,] ... the congressional scheme that makes the federal courts the primary guardians of constitutional rights, and the express congressional authorization of declaratory relief, afforded because it is a less harsh and abrasive remedy than the injunction, become the factors of primary significance.

415 U.S. 452, 463, 94 S.Ct. 1209, 1218, 39 L.Ed.2d 505, quoting *Perez v. Ledesma,* 401 U.S. 82, 104, 91 S.Ct. 674, 686, 27 L.Ed.2d 701 (1971) (separate opinion of Brennan, J.). Where no state criminal proceedings was pending at the time the federal complaint was filed, the Court held that

> principles of federalism not only do not preclude federal intervention, they compel it. Requiring federal courts totally to step aside when no state criminal prosecution is pending against the federal plaintiff would turn federalism on its head. When federal claims are premised on 42 U.S.C. § 1983 and 28 U.S.C.

---

1. The prior state proceedings were terminated when the Pennsylvania Supreme Court summar-ily denied the petition for reinstatement.

§ 1343(3) ... we have not required exhaustion of state judicial or administrative remedies, recognizing the paramount role Congress has assigned to the federal courts to protect constitutional rights. But exhaustion of state remedies is precisely what would be required if both federal injunctive and declaratory relief were unavailable in a case where no state prosecution has been commenced. *Id.* 415 U.S. at 472–73, 94 S.Ct. at 1222–23. Thus, Younger abstention is inappropriate where there is no state judicial proceeding. *Coruzzi v. State of New Jersey*, 705 F.2d 688, 690 (3d Cir.1983).

Subsequent decisions have limited *Steffel*, requiring abstention when the state action is filed before any proceedings of substance on the merits have taken place in the federal court. *Hicks v. Miranda*, 422 U.S. 332, 349, 95 S.Ct. 2281, 2291, 45 L.Ed.2d 223 (1975). But the principle of *Steffel* remains valid. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 930, 95 S.Ct. 2561, 2567, 45 L.Ed.2d 648 (1975) (in the absence of any ongoing state proceeding, a plaintiff may challenge the constitutionality of the state statute in federal court, even where he seeks to enjoin future criminal prosecution).

▉ In the present case, no state action is pending or even threatened. Younger abstention is, therefore, inappropriate. *Delgado v. McTighe*, 442 F.Supp. 725, 733 (E.D.Pa.1977) (holding, in a challenge of the rules for admission to the New Jersey bar, that *Younger* is not applicable).[2]

### Need for Discovery

▉ Plaintiff argues that the limited discovery he seeks is necessary in order to fully brief the issues raised by the defendants' arguments on the merits. Specifically, plaintiff argues that the evidence they seek is necessary to rebut the claim that there is a rational basis for the disparate treatment accorded to petitioners for reinstatement and attorneys facing debarment. Plaintiff also argues that the evidence is necessary to rebut the claim that petitioners for reinstatement receive all process which is due.[3]

I agree with plaintiff that it would be premature to grant a motion to dismiss on these issues. Plaintiff should be permitted to engage in the limited discovery sought here before the Court considers the merits of these claims. Accordingly, the motion for stay of discovery will be denied. Defendants shall respond to the outstanding discovery within thirty days. Plaintiff may file a supplemental memorandum of law in opposition to defendants' motion to dismiss or for summary judgment within twenty days from the receipt of full and complete discovery responses. Defendants may file a reply.

An appropriate order is attached.

### ORDER

Upon consideration of defendants' motion for stay of discovery, plaintiff's response, and the memoranda submitted by the parties, and for the reasons stated in the attached memorandum, it is ordered that:

1. The motion for stay of discovery is DENIED. Defendants shall provide full and complete answers to plaintiff's first set of interrogatories and shall produce all documents responsive to plaintiff's first set of requests for production of documents within thirty days from the date of the entry of this order;

2. Plaintiff has leave to file a supplemental memorandum of law in opposition to defendants' motion to dismiss plaintiff's complaint within twenty days from plaintiff's receipt of full and complete answers to plaintiff's first set of interrogatories and all documents response to plaintiff's first

---

2. A contrary result would undermine the holding of *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), that a candidate for admission to the bar may bring a general challenge to state bar rules in federal court.

3. Plaintiff argues that the Court cannot apply the analysis required by *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), without evidence of the additional benefits and burdens associated with the proposed procedures.

set of requests for production of documents.

3. Defendants shall have ten days in which to reply.

IT IS SO ORDERED.