ALD-007                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2323
_____

MIGUEL DURAN,
                                              Appellant

v.

HONORABLE JUDGE BRUCE WEEKS; MUNICIPAL
COURT OF ATLANTIC CITY; PROSECUTOR OFFICE
OF ATLANTIC CITY; JANE DOE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-293)
District Judge:  Honorable Renee Marie Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 15, 2010
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Filed: October 29, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Miguel Duran, a prisoner awaiting trial in Atlantic City Municipal Court, appeals

pro se from an order of the United States District Court for the District of New Jersey

dismissing his complaint. Since the District Court's ruling was proper and this appeal does not present a substantial question, we will summarily affirm.

I.

Duran filed a pro se complaint against the Honorable Bruce Weeks, who is presiding over Duran's criminal case in Atlantic City Municipal Court, and the prosecutor on that case, whom Duran identifies only as Jane Doe.[1] He also named the "Municipal Court of Atlantic City" and the "Prosecutor Office of Atlantic City" as defendants. Duran alleged that Judge Weeks and the prosecutor have unnecessarily delayed his trial over two years, in part because the prosecutor has been on vacation. Duran also alleged that the prosecutor is withholding discovery material that he could use to impeach the officers who will presumably testify against him. The complaint appears to assert claims pursuant to 42 U.S.C. § 1983 for violation of Duran's due process rights and his Sixth Amendment right to a speedy trial, and seeks an order either directing his trial to begin or for dismissal of the charges against him.

The District Court dismissed Duran's complaint, apparently pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), on several grounds. First, the District Court noted that it "ha[d] no jurisdiction to direct the prosecution of [Duran's] criminal trial" and that, even

---

[1] The complaint does not indicate the nature of the charges against Duran. However, Duran attached to his notice of appeal a federal complaint that he filed, apparently against the officers who arrested him in connection with the charge underlying the instant case, which suggests that he was arrested for possession of marijuana.

2

if it construed the complaint as a petition for a writ of mandamus, it lacked jurisdiction. Duran v. Weeks, No. 10-293, slip op. at 3 (D.N.J. Apr. 16, 2010). Alternatively, the District Court dismissed the claims against the Municipal Court and the Prosecutor's Office because those entities do not constitute "persons" for purposes of section 1983, as well as the claims against Judge Weeks and the prosecutor, holding that those defendants were entitled to immunity. The District Court also concluded that abstention under Younger v. Harris, 401 U.S. 37 (1971), was appropriate. Duran timely appealed.[2]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[3] Our review of the District Court's sua sponte dismissal of Duran's complaint is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "We [also] exercise plenary review over

---

[2] Duran also appealed the District Court's order denying his application to proceed in forma pauperis without prejudice due to his failure to file a prison account statement for the six-month period immediately preceding the filing of his complaint, as required by the Prison Litigation Reform Act. See 28 U.S.C. § 1915(a)(2). Not only did the District Court act appropriately in denying Duran's application for failing to comply with the statute, but Duran cured the defect in his application and the District Court ultimately granted the application.

[3] To the extent Duran's complaint asserts a section 1983 claim, the District Court possessed jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343. To the extent that Duran's complaint can be construed as a petition for a writ of mandamus, the District Court correctly determined that it lacked the ability to compel action by State courts or officials in connection with state court proceedings. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff." (emphasis added)); see also In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981) ("A federal court . . . ordinarily may not issue a writ of mandamus to

3

the legal determinations of whether the requirements for <u>Younger</u> abstention have been met and, if so, we review the district court's decision to abstain for abuse of discretion." <u>FOCUS v. Allegheny Cnty. Court of Common Pleas</u>, 75 F.3d 834, 843 (3d Cir. 1996). We may take summary action when an appeal presents no substantial question, <u>see</u> 3d Cir. LAR 27.4; 3d Cir. IOP 10.6., and may affirm on any ground supported by the record. <u>Berardi v. Swanson Mem'l Lodge No. 48</u>, 920 F.2d 198, 201-02 (3d Cir. 1990).

We agree with the District Court that abstention under <u>Younger</u> is appropriate.  In <u>Younger</u>, the Supreme Court recognized that the "longstanding public policy against federal court interference with state court proceedings" generally requires federal courts to abstain from involvement in state criminal proceedings.  401 U.S. at 43-44; <u>see also</u> <u>Coruzzi v. New Jersey</u>, 705 F.2d 688, 690 (3d Cir. 1983) ("Traditional principles of equity as well as federal-state comity demand that, except in carefully circumscribed situations, the federal courts should not disrupt an ongoing state judicial process, either by preempting the adjudication of claims that could be brought to the state forum, by directing the state court to stay its proceedings, or by directly interfering in other ways with the natural course of state adjudication." (quotations omitted)).  "Abstention under <u>Younger</u> is appropriate only if (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."  <u>Schall v. Joyce</u>, 885

compel a state court to exercise a jurisdiction entrusted to it . . . .").

F.2d 101, 106 (3d Cir. 1989).

The criminal proceedings against Duran are ongoing and implicate the State of New Jersey's important interest in bringing to justice those who violate its criminal laws. See Younger, 401 U.S. at 51-52. Furthermore, Duran is free to move in state court for dismissal of the charges against him on Sixth Amendment grounds. Likewise, if Duran believes that the prosecutor is withholding evidence, he can address that matter before the state Court. Since Duran's section 1983 action seeking to enjoin his criminal prosecution presents the classic case for Younger abstention, the District Court's dismissal of Duran's complaint on that basis was clearly appropriate.[4] Furthermore, to the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). Accordingly, this appeal presents no substantial question, and we will summarily affirm the District Court's order.[5]

---

[4] Although Younger abstention is inappropriate if a plaintiff can establish that the State proceedings have been brought against him in bad faith or to harass him, or that other extraordinary circumstances exist, Schall, 885 F.2d at 106, Duran's complaint does not reveal the existence of any such circumstances in this case.

[5] Because we conclude that the District Court's dismissal of the complaint was warranted under Younger, we need not address the District Court's alternative reasons for dismissal.