CLD-135                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-1411, 24-1416, 24-1421, & 24-1422 (cons.)
_____

JUSTIN JUAN DE LA CRUZ MARTINEZ,
                                                                Appellant

v.

JUDGE TIMOTHY CREANY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action Nos. 2:23-cv-01130; 2:23-cv-02009; 2:23-cv-01407; 2:23-cv-02086)
District Judge:  Honorable Robert J. Colville
_____

Submitted on the Appellee's Motions for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 13, 2024

Before:  KRAUSE, FREEMAN, and SCIRICA, Circuit Judges

(Opinion filed: June 27, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Justin Martinez filed four lawsuits against Judge Timothy Creany. Judge Creany was then presiding over Martinez's prosecution, in the Westmoreland County Court of Common Pleas (Docket No. CP-65-CR-0000338-2022), for intercepting communications and using and disclosing them. In each complaint, Martinez described different purported problems with the then-ongoing criminal proceedings and Judge Creany's rulings, but he sought essentially the same injunctive relief in all of them. Specifically, he asked the District Court to order Judge Creany to "cease and desist" all involvement in his criminal case (albeit while affirming Judge Creany's appointment in the case). See, e.g., W.D. Pa. C.A. No. 2:23-cv-01130 ECF No. 3 at 10. And, in one case, he asked for Judge Creany to be barred from any judicial proceeding involving Martinez "ever again."[1] W.D. Pa. Civ. No. 2:23-cv-01407 ECF No. 6 at 8. He also requested that the District Court "suspend[]" his criminal proceedings pending an investigation of the claims he made in his complaints, or, alternatively, assign a new judge to the matter. See, e.g., id. He also sought declaratory and "other relief," as well as travel costs, as the "court [saw] fit." See, e.g., id. at 10-11.

---

[1] In his prayer for relief for that same case, he sought the recusal of a Magistrate Judge as well as Judge Creany's recusal. See W.D. Pa. Civ. No. 2:23-cv-01407 ECF No. 6 at 8. That Magistrate Judge had recused before his complaint was considered. See W.D. Pa. Civ. No. 2:23-cv-01407 ECF No. 3.

In one action, the District Court dismissed the complaint with prejudice on Judge Creany's motion to dismiss for failure to state a claim upon which relief can be granted, concluding, inter alia, that abstention was required under Younger v. Harris, 401 U.S. 37 (1971). See Sprint Commc'ns v. Jacobs, 571 U.S. 69, 72 (2013) ("Younger exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). After screening the remaining three complaints under 28 U.S.C. § 1915(e), the District Court dismissed them with prejudice, for the same reasons, as frivolous and for failure to state a claim. Martinez filed a timely notice of appeal in each case. In each appeal, Judge Creany has filed a motion to summarily affirm the District Court's judgment. **See, e.g., C.A. No. 24-1411, 3d Cir. Doc. No. 8.** In addition to responding to one of those motions and submitting informal briefs that we consider as documents in support of his appeals, Martinez asks us to transfer all these matters to a United States District Court in Illinois. **See, e.g., C.A. No. 24-1411, 3d Cir. Doc. No. 10.**

As a preliminary matter, we take judicial notice of the record of Martinez's state-court proceedings at Docket No. CP-65-CR-0000338-2022. See Martin v. Adm'r N.J. State Prison, 23 F.4th 261, 266 n.1 (3d Cir. 2022) (explaining that such notice is permitted). We observe that Judge Creany has already sentenced Martinez and ruled on post-sentence motions and that Martinez's criminal case has been marked closed. See

3

https://ujsportal.pacourts.us/Report/ CpDocketSheet?docketNumber=CP-65-CR-0000338-2022&dnh=ZHirzM8yg506UhZiIcYRKw%3D%3D (last visited June 5, 2024). Because the criminal proceedings before Judge Creany have concluded, we must dismiss as moot Martinez's appeal to the extent that he sought to enjoin his prosecution or otherwise requested relief that can no longer be granted (even if Younger did not apply).[2] See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

To the extent that Martinez still presents a live controversy over which we have jurisdiction under 28 U.S.C. § 1291, we exercise plenary review over the District Court's dismissal orders. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); see also PDX N., Inc. v. Comm'r N.J. Dep't of Lab. & Workforce Dev., 978 F.3d 871, 881 n.11 (3d Cir. 2020) (explaining that our review of a determination that abstention under Younger is proper is plenary). Upon review, to the extent that we have jurisdiction, we will grant Judge Creany's motions and summarily affirm the District Court's rulings because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[2] Martinez's suit is also moot to the extent that he sought the recusal of a Magistrate Judge who recused.

Martinez's claims that are not moot are largely requests for the District Court to interfere with state criminal proceedings, which a federal district court may not do.[3]  See ACRA Turf Club, LLC v. Zanzuccki, 748 F.3d 127, 132 (3d Cir. 2014) (describing Younger as "holding that federal courts should not interfere with state criminal proceedings").  Accordingly, to this extent, the District Court properly abstained from ruling under Younger.[4]  See Coruzzi v. State of New Jersey, 705 F.2d 688, 690 (3d Cir. 1983) (explaining that "except in carefully circumscribed situations, the federal courts should not disrupt an ongoing state judicial process, either by preempting the adjudication of claims that could be brought to the state forum, by directing the state court to stay its proceedings, or by directly interfering in other ways with the natural course of state adjudication") (citation and quotation marks omitted).

And, to the extent that Younger did not require abstention, relief was not warranted.  Insofar as the "other relief" sought by Martinez included damages, judges are not civilly liable for judicial acts.[5]  See Stump v. Sparkman, 435 U.S. 349, 355-57

---

[3] For instance, he sought an order affirming Judge Creany's appointment and sought declarations relating to his criminal case.

[4] Although the application of Younger is limited when there is "a showing that the charges had been brought in bad faith or with an intent to harass," ACRA Turf Club, LLC, 748 F.3d at 132, there is no such showing here.  See Kugler v. Helfant, 421 U.S. 117, 126 n.6 (1975) ("'[B]ad faith' in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.") (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)).

[5] And, to the extent that Martinez sought to hold Judge Creany criminally liable, he could

(1978).  And to the extent that Martinez asked for an order directing state judicial officers to take a specific action (like recusing in all future cases), that relief is generally not one that a federal court has authority to issue, and certainly not one that is available under the circumstances of this case.  Cf. In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that a district court lacked jurisdiction "to issue a writ of mandamus compelling action by a state official"); Knox v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011) (reasoning that "[w]e have no authority to issue . . . a writ to direct state courts or their judicial officers in the performance of their duties" (citation and internal quotation marks omitted)).  Lastly, we conclude that the District Court did not abuse its discretion in ruling that amendment would be futile in each case.[6]  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

---

not compel the enforcement of a criminal law.  See Diamond v. Charles, 476 U.S. 54, 64-65 (1986).  And the statute he cited did not provide an explicit or implied private right of action for him to sue Judge Creany, either.  See Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare [federal] criminal statute").

[6] In reviewing these matters, we have considered Martinez's allegations of "judicial[] bullying" and "bias/prejudice," to the extent that he directs them to the District Judge and District Court (in addition to appearing to make those claims about Judge Creany), see, e.g., C.A. No. 24-1421 3d Cir. Doc. No. 10-2 at 3.  We do not discern evidence of bullying, bias, or prejudice in the record for these cases.

In sum, we dismiss this appeal to the extent that it is moot, and we otherwise grant Judge Creany's motions and summarily affirm the District Court's judgments. The motions to transfer these cases are denied.