CLD-142                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1430
_____

JUSTIN JUAN DE LA CRUZ MARTINEZ,
                                                          Appellant

v.

JUDGE CHRISTOPHER A. FELICIANI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-00435)
District Judge:  Honorable Robert J. Colville
_____

Submitted on the Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 20, 2024
Before:  KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: June 27, 2024)
_____

OPINION*
_____

PER CURIAM

    Justin Martinez sued Judge Christopher Feliciani, who presided over two of his

prosecutions in the Court of Common Pleas for Westmoreland County (Docket Nos. CP-

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

65-CR-005559-2019 and CP-65-CR-0000231-2020). Claiming a conspiracy against him, Martinez challenged statements and decisions that Judge Feliciani made during the proceedings. He further asserted that Judge Feliciani violated his right to a speedy trial, tampered with transcripts, and interfered with his appeal to the Superior Court of Pennsylvania by filing opinions that included unfavorable information. Martinez sought several forms of relief, seemingly encompassing compensation for his "financial distress" from the alleged wrongs as well as declaratory, injunctive, and "other" relief. ECF No. 5 at 36, 40-41. Judge Feliciani filed a motion to dismiss the complaint for failure to state a claim, which the District Court granted. Martinez appeals.[1] Judge Feliciani has filed a motion to summarily affirm the District Court's judgment, which Martinez opposes.

As a preliminary matter, we must dismiss this appeal as moot to the extent that Martinez sought relief that is no longer available.[2] See Blanciak v. Allegheny Ludlum

---

[1] He also asks us to transfer this case to Illinois.

[2] For example, Martinez sought a suspension of his criminal proceedings and an order requiring Judge Feliciani to cease and desist participation in "all judicial matters" relating to him, including those then-pending and his then-"upcoming" sentencing proceeding, see ECF No. 5 at 41. However, we judicially notice, Martinez's matters before Judge Feliciani have been closed, and the sentencing proceedings have already occurred. See Martin v. Adm'r N.J. State Prison, 23 F.4th 261, 266 n.1 (3d Cir. 2022) (explaining that such notice is permitted); see also https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-65-CR-0005559-2019&dnh=rIiGySLSsBkNuRNjwg9Z4A%3D%3D (last visited June 10, 2024); https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-65-CR-0000231-2020&dnh=U%2BZ3xm27qO9kt0SsPaqumg%3D%3D (last visited June 10, 2024).

Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

To the extent that Martinez presents a live controversy over which we have jurisdiction under 28 U.S.C. § 1291, we exercise plenary review over the District Court's order granting the motion to dismiss. See St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020). Upon review, we will summarily affirm the District Court's ruling because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Because the acts that Martinez described were acts taken in Judge Feliciano's judicial capacity, the District Court was correct to conclude that Judge Feliciano was entitled to judicial immunity to the extent that Martinez sought damages or injunctive relief against him.[3] See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978) (explaining

---

[3] We do not agree with Martinez's argument that Judge Feliciani is not entitled to judicial immunity because he acted outside his jurisdiction by conspiring against Martinez, see 3d Cir. Doc. No. 17 at 2. As the District Court noted, Martinez's claims of conspiracy are conclusory and based "on the assumption that any adverse action taken against him during the course of his . . . criminal proceedings was the result of a conspiracy," ECF 23 at 5. Neither Martinez's argument on appeal nor his allegations in the District Court suggest that Judge Feliciani acted outside his judicial role or ruled or took other actions in Martinez's cases in the absence of jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam) (explaining that judicial immunity is only overcome for nonjudicial actions or for judicial actions taken in the complete absence of jurisdiction); see also Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (explaining that conspiracy claims may not be based "merely upon . . . suspicion and speculation" and also stating

3

that judges are not civilly liable for judicial acts); Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (holding that "because [a plaintiff] has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief sought by [the plaintiff] does not address the actions of [the judge] other than in his judicial capacity, [the plaintiff's] claim for injunctive relief is barred").

And to the extent that Martinez sought declarations (that are not now moot) related to his then-ongoing criminal cases, the District Court properly abstained from ruling under Younger v. Harris, 401 U.S. 37 (1971).[4] See Coruzzi v. State of New Jersey, 705 F.2d 688, 690 (3d Cir. 1983) (explaining that "except in carefully circumscribed situations, the federal courts should not disrupt an ongoing state judicial process, either by preempting the adjudication of claims that could be brought to the state forum, by directing the state court to stay its proceedings, or by directly interfering in other ways with the natural course of state adjudication") (citation and quotation marks omitted). Although the application of Younger is limited when there is "a showing that the charges

---

that general allegations of conspiracy not based on facts are conclusions of law that are insufficient to state a claim); Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998) (describing as insufficient a complaint that "contains conclusory allegations of concerted action but is devoid of facts actually reflecting joint action").

[4] Additionally, to the extent that Martinez sought to use his civil action to attack a criminal conviction, he could not do so. His recourse was instead a direct appeal, as the District Court noted, ECF No. 23 at 12, other avenues available in state court for relief, or a federal habeas petition, see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

had been brought in bad faith or with an intent to harass," ACRA Turf Club, LLC v. Zanzuccki, 748 F.3d 127, 132 (3d Cir. 2014), there is no such showing here. See Kugler v. Helfant, 421 U.S. 117, 126 n.6 (1975) ("'[B]ad faith' in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.") (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)).

Lastly, we conclude that the District Court did not abuse its discretion in ruling that amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

For these reasons, we grant Judge Feliciani's motion and will affirm the District Court's judgment.[5] Martinez's motion to transfer is denied.

---

[5] In addition to reviewing Martinez's response to Judge Feliciani's motion, we have considered Martinez's informal brief as a document in support of his appeal. We reject his claims that the District Judge ruled against him as a result of "bias" or "prejudice," instead of "upon the facts of the case." 3d Cir. Doc. No. 16-2 at 1 & 2; see also, e.g., 3d Cir. Doc. No. 17 at 1. We also conclude that his allegations that the District Judge conspired against him, see 3d Cir. Doc. No. 17 at 1, are unfounded. Likewise, we see no evidence that Judge Feliciano's counsel has "become involved as a conspirator as well," 3d Cir. Doc. No. 17 at 3, and reject Martinez's request, to the extent he makes one, that counsel "should not be allowed to argue this matter," id. Also, to the extent that Martinez asks us to reconsider the order staying the briefing schedule pending our consideration of Judge Feliciani's motion, see 3d Cir. Doc. No. 17 at 6, we decline to do so.