BLD-151                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1412
_____

JUSTIN JUAN DE LA CRUZ MARTINEZ,
Appellant

v.

JUDGE RICHARD E. MCCORMICK, JR.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-01408)
District Judge:  Honorable Robert J. Colville
_____

Submitted on the Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 11, 2024
_____

Before:  BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: July 25, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Justin Martinez, proceeding pro se and in forma pauperis, filed a complaint against Judge Richard McCormick.  He sought to proceed under 42 U.S.C. § 1983 and 18 U.S.C. § 241, alleging that Judge McCormick violated his First Amendment rights and joined a conspiracy against him, beginning when he sentenced him in two criminal actions in the Westmoreland County Court of Common Pleas.[1]  ECF No. 6 at 1 & 3.  He asserted that Judge McCormick "ignored evidence and upheld false … Disorderly Conduct Convictions."  Id. at 3.  Martinez particularly took issue with an "OPINION PURSUANT TO Rule 1925" related to both cases that Judge McCormick authored.[2]  Id.  Over approximately 40 pages of his complaint, he disputed and discussed statements that Judge McCormick made in the opinion.  Id. at 3-42.  Martinez sought over one million dollars in damages as well as injunctive, declaratory, and "other" relief.  Id. at 44 & 46.

Judge McCormick filed a motion to dismiss Martinez's complaint.  The District Court, concluding that the complaint failed to state a claim and was frivolous under 28 U.S.C. § 1915(e), granted the motion and dismissed the complaint with prejudice.

---

[1] He additionally claimed that Judge McCormick infringed his right to equal protection under the law and violated provisions of Pennsylvania's criminal and administrative codes.  ECF No. 6 at 44.

[2] Pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, a judge whose order is challenged by appeal prepares "at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found."  A Rule 1925 opinion "is intended as an aid to the reviewing appellate court and cannot alter a previously entered verdict."  Commonwealth v. Lobiondo, 462 A.2d 662, 665 (1983).

Martinez appeals and presents a motion to transfer this matter to Illinois. Judge

McCormick asks us to summarily affirm the District Court's judgment.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over

the District Court's order of dismissal. See St. Luke's Health Network, Inc. v. Lancaster

Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020); see also Allah v. Seiverling, 229 F.3d 220,

223 (3d Cir. 2000). We may affirm on any basis supported by the record. See Murray v.

Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). Upon review, we grant Judge

McCormick's motion and will summarily affirm the District Court's ruling because no

substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The acts that Martinez described, primarily Judge McCormick's sentencing him

and writing the Rule 1925 opinion, were acts taken in Judge McCormick's judicial

capacity.[3] [4] Accordingly, Judge McCormick was entitled to judicial immunity to the

---

[3] The District Court believed that Martinez was also describing a non-judicial act (that "[Judge McCormick] was present" during the protest that led to the disorderly conduct charges and "conspired with others on that day to have [him] arrested") and ruled that the complaint was frivolous with respect to those allegations. ECF No. 11 at 7. However, in his informal brief, which we consider as a document in support of his appeal, Martinez states that the District Court took his claims "out of context." 3d Cir. Doc. No. 9 at 16. He explains that he knew that Judge McCormick was conspiring against him when Judge McCormick made a statement, during sentencing, about Martinez's "exemplary service at the Rolling Rock Club" (he provides reasons why Judge McCormick had limited ways to learn of his service) and when Judge McCormick issued rulings against him and in favor of the prosecution. Id. He disavows a claim of Judge McCormick's presence during the protest ("[A]s far as Judge McCormick actually being present . . . there is no evidence that the Plaintiff is aware of, to support that."). 3d Cir. Doc. No. 9 at 17. He furthers notes, as the District Court did, too, that he alleged elsewhere that other judges were present. Id. at 17.

[4] To the extent Martinez sought to attack the judgment in his criminal case through his

extent that Martinez sought damages or injunctive relief against him.[5]  See Stump v.

Sparkman, 435 U.S. 349, 355-57 (1978) (explaining that judges are not civilly liable for

judicial acts); Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (holding that "because

[a plaintiff] has not alleged that a declaratory decree was violated or that declaratory

relief is unavailable, and because the injunctive relief sought by [the plaintiff] does not

address the actions of [the judge] other than in his judicial capacity, [the plaintiff's] claim

for injunctive relief is barred").[6]

Furthermore, to the extent that Martinez sought declarations related to his then-

ongoing criminal cases, the District Court properly abstained from ruling under

---

action under § 1983, he could not do so.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

[5] To the extent that Martinez's request for injunctive relief has been mooted by the passage of time (namely, his request for an order that Judge McCormick cease all involvement in all his judicial matters), we must dismiss this appeal as moot.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

[6] In addition, to the extent that Martinez sought to hold Judge McCormick criminally liable, he could not compel the enforcement of a criminal law.  See Diamond v. Charles, 476 U.S. 54, 64-65 (1986).  And the provisions he cited did not provide an explicit or implied private right of action for him to sue Judge McCormick, either.  See Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare [federal] criminal statute"); D'Errico v. DeFazio, 763 A.2d 424, 429 (Pa. Super. Ct. 2000) ("To determine whether [a criminal] statute implies a private right of action, we must . . . determine 1) whether [the plaintiff is] among the class for whose especial benefit the statute was enacted; 2) whether there is an indication of legislative intent, explicit or implicit, either to create such a remedy or to deny it; and 3) whether such a remedy is consistent with the underlying purposes of the legislative scheme to imply such a remedy.").

4

Younger.[7]  See Coruzzi v. State of New Jersey, 705 F.2d 688, 690 (3d Cir. 1983) (explaining that "except in carefully circumscribed situations, the federal courts should not disrupt an ongoing state judicial process, either by preempting the adjudication of claims that could be brought to the state forum, by directing the state court to stay its proceedings, or by directly interfering in other ways with the natural course of state adjudication") (citation and quotation marks omitted).

Lastly, we conclude that the District Court did not abuse its discretion in ruling that amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

For these reasons, we will dismiss this appeal to the extent that it is moot, and otherwise grant Judge McCormick's motion and will affirm the District Court's judgment.[8]  Martinez's motion to transfer this case and his other requests, including those in his "prayers for relief" section of his informal brief, see 3d Cir. Doc. No. 9 at 21-22, his call to disqualify Judge McCormick's counsel, see 3d Cir. Doc. No. 14 at 3-4, and his request relating to the suspension of the briefing schedule, see id. at 6, are denied.

---

[7] Although the application of Younger is limited when there is "a showing that the charges had been brought in bad faith or with an intent to harass," ACRA Turf Club, LLC v. Zanzuccki, 748 F.3d 127, 132 (3d Cir. 2014), there is no such showing here.  See Kugler v. Helfant, 421 U.S. 117, 126 n.6 (1975) ("'[B]ad faith' in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.") (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)).

[8] After reviewing the record, we find no evidence to support Martinez's claims that the District Judge conspired against him, treated him unfairly, and ruled against him based on bias instead of the facts of the case, see, e.g., 3d Cir. Doc. No. 14 at 1.