FILED
United States Court of Appeals
Tenth Circuit

February 14, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ANTONE L. KNOX,

         Plaintiff - Appellant,

    v.

JAMES D. BLAND, Judge; BRYAN
DIXON, Judge; JAMES
EDMONDSON; JOSEPH WATT;
STEVEN TAYLOR; ROBERT DICK
BELL; LARRY JOPLIN; E. BAY
MITCHELL,

         Defendants - Appellees.

No. 10-7066

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. NO. 6:10-CV-00147-JHP-SPS)

Antone L. Knox, pro se.

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

**HARTZ**, Circuit Judge.

Antone L. Knox, an inmate at the Oklahoma State Penitentiary in

McAlester, Oklahoma, brings this pro se civil-rights action under 42 U.S.C.

§ 1983 against eight Oklahoma state judges.[*] His claims arise out of his unsuccessful attempts in state court to have his name changed for religious reasons to Ali Ishmael Mandingo Warrior Chief. He seeks mandamus and injunctive relief, contending that Defendants violated his Fourteenth Amendment rights to equal protection and due process, his First Amendment rights to freedom of religion and to petition the government for redress of injustice, the Seventh Amendment, the Ninth Amendment, the Thirteenth Amendment, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 (2000).[1] The United States District Court for the Eastern District of Oklahoma dismissed Mr. Knox's complaint as frivolous and malicious under 28 U.S.C. 1915A(b)(1), and he appeals. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Because Mr. Knox is proceeding pro se, we liberally construe his pleadings. *See Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010). Nevertheless, we conclude that the relief he seeks is not available to him in federal court.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]In district court Mr. Knox sought a refund of his state-court filing fee, court costs, and legal fees. On appeal, however, he states that he is not seeking damages. In any event, judges are generally immune from monetary liability for actions taken in their judicial capacity. *See Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). In *Pulliam v. Allen*, 466 U.S. 522, 544 (1984), the Supreme Court said that attorney fees in § 1983 cases are a statutory exception to the general rule; but this exception was abrogated by the Federal Courts Improvement Act of 1996. *See* 42 U.S.C. § 1988(b).

To begin with, Mr. Knox's claims appear to be barred by the *Rooker/Feldman* abstention doctrine, because he is essentially seeking review and reversal of the state-court denial of his name-change request. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under that doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

But even if Mr. Knox's federal-court claims can survive, at least in part, *Rooker-Feldman*, he is not entitled to relief. To the extent that he is seeking relief in the nature of mandamus, ordering Defendants to take action in their capacities as state judges, "[w]e have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties." *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (internal quotation marks omitted); *see Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992) ("Federal courts have no authority to issue a writ of mandamus to a state judge.").

Likewise, he cannot obtain injunctive relief against Defendants. Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, *see Harris v. Champion*, 51 F.3d 901, 905 (10th Cir. 1995); *Olson*, 965 F.2d at 943, those statements were abrogated by the

Federal Courts Improvement Act of 1996, which provides that "injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable," 42 U.S.C. § 1983. He has not shown that either condition was satisfied here.

Finally, we note that Mr. Knox asks this court to set aside the district court's determination that his suit is frivolous and malicious. His concern is that a dismissal on that ground under 28 U.S.C. § 1915A counts as a strike in determining eligibility for *in forma pauperis* status under 28 U.S.C. § 1915(g). *See Hafed v. Fed. Bureau of Prisons*, Nos. 09-1090, 09-1365, 2011 WL 338417, at *2 (10th Cir. Feb. 4, 2011). We deny Mr. Knox's request because, as shown by our discussion of the merits of his claims, the district court properly characterized them as frivolous.

## CONCLUSION

We AFFIRM the judgment below. We deny Mr. Knox's motion to proceed *in forma pauperis* on appeal and order him to immediately remit the unpaid balance due of the filing fee.