**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2015[*]
Decided October 26, 2015

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-1122

| | |
|---|---|
| MARK THOMPSON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14 C 6929 |
| JORGE ORTIZ, *Defendant-Appellee*. | Edmond E. Chang, *Judge.* |

**O R D E R**

Mark Thompson appeals the dismissal of his civil-rights suit seeking declaratory and injunctive relief against an Illinois state-court judge who presided over a state-court case that Thompson had filed against his former employer a year earlier. The district court concluded that Thompson's suit should be dismissed based on the *Rooker-Feldman*

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

doctrine as well as grounds of standing and judicial immunity. We affirm, though on partially different grounds.

In August 2013 Thompson was discharged from his teaching position with Chicago Public Schools after being accused of sexual assault. He sued the Chicago Board of Education and several other defendants in Illinois state court for, among other claims, conspiracy, defamation, tortious interference with contract, and fraud. He later moved in this state litigation to amend his complaint and add employment-discrimination claims under Title VII of the Civil Rights Act of 1924. *See* 42 U.S.C. § 2000e2-a(1). In August 2014 Judge Jorge Ortiz, the state judge presiding over the case, denied Thompson's motion to amend because it was procedurally defective (Thompson had failed to timely serve the proposed order on the defendants and the court) and because delay caused by Thompson's actions would prejudice the defendants and undermine judicial economy.

A month later Thompson sued Judge Ortiz in federal court under 42 U.S.C. § 1983, asserting that the judge had deprived him of due process by denying his motion to amend his complaint to include his Title VII claims. Thompson sought a declaration that the judge had violated his due-process rights, an injunction barring the judge from refusing future plaintiffs leave to amend in similar circumstances, and "costs" for the litigation Thompson had initiated (including his appeal of his state-court case, this federal suit and appeal, and a separate federal case that he filed in order to pursue his Title VII claims).

In late 2014 the district court dismissed Thompson's complaint. Regarding Thompson's request for declaratory relief, the court concluded that it lacked jurisdiction under the *Rooker-Feldman* doctrine because Thompson essentially was challenging a state-court judgment. Regarding Thompson's request for injunctive relief, the court concluded that he lacked standing to assert the rights of future plaintiffs and that he had not brought this suit as a class action. Finally, with regard to any money damages (presuming that is what Thompson meant by "costs"), the court ruled that Judge Ortiz was entitled to absolute judicial immunity.

In the meantime, in the state-court litigation, Judge Ortiz entered final judgment dismissing Thompson's complaint against the Chicago Board of Education, a judgment that Thompson promptly appealed. His state-court appeal is ongoing.

On appeal Thompson generally challenges the district court's application of the *Rooker-Feldman* doctrine to bar his claim for declaratory relief. As Judge Ortiz now acknowledges, *Rooker-Feldman* does not apply here because it does not bar the claims of

federal-court plaintiffs who, like Thompson, file a federal suit when state-court proceedings are ongoing. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 281–82 (2005); *Parker v. Lyons,* 757 F.3d 701, 705–06 (7th Cir. 2014).

But we uphold the dismissal of Thompson's request for declaratory relief on another ground: lack of standing. The purpose of declaratory judgment is to deprive the defendant of delay as a weapon by declaring the parties' legal rights in anticipation of some future conduct. *See Med. Assurance Co. v. Hellman,* 610 F.3d 371, 377 (7th Cir. 2010). A plaintiff lacks standing to seek declaratory judgment where a declaration of the parties' legal rights will provide no relief. *See Bontkowski v. Smith,* 305 F.3d 757, 761 (7th Cir. 2002); *Perry v. Sheahan,* 222 F.3d 309, 313–14 (7th Cir. 2000). Thompson has no use for a declaration of rights because he has no continuing relationship with Judge Ortiz. *See Pearson v. Welborn,* 471 F.3d 732, 743 (7th Cir. 2006) (upholding district court's denial of declaratory judgment against warden where it would grant no relief because plaintiff was transferred out of warden's prison); *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir. 2003) (plaintiff lacked standing to seek declaratory judgment against probate judge where likelihood of future encounters was speculative). Thompson's only use for declaratory relief is as a predicate to his claim for costs, but declaratory judgments may not be used as simply a predicate to a damages claim because "that would circumvent the rule that a judgment in a suit for damages is not final and appealable until the amount of damages is determined and the defendant ordered to pay it." *Bontkowski,* 305 F.3d at 761; *see also Ill. Dunesland Pres. Soc'y v. Ill. Dep't. of Nat'l Res.,* 584 F.3d 719, 721 (7th Cir. 2009).

Thompson next challenges the district court's dismissal of his request for injunctive relief based on lack of standing and continues to seek an injunction barring Judge Ortiz from denying him leave to amend in the future. But a plaintiff such as Thompson lacks standing for injunctive relief where he alleges only a past injury and where there is no threat that the challenged future conduct will in fact recur and harm him. *City of Los Angeles v. Lyons,* 461 U.S. 95, 102–03 (1983); *Perry,* 222 F.3d at 313. There is no "realistic threat" that Judge Ortiz again will deny a motion to amend Thompson's complaint to add Title VII counts. *Perry,* 222 F.3d at 313.

Finally, Thompson challenges the district court's dismissal of his claim for costs on grounds of judicial immunity. First, he cites to *Pulliam v. Allen,* 466 U.S. 519, 544 (1984), in which the Supreme Court held that judicial immunity is not a bar to an award of attorney's fees under 42 U.S.C. § 1988. But the portion of the Court's opinion addressing costs was superseded by the Federal Courts Improvement Act of 1996. *See* 42 U.S.C § 1988(b) ("In any action . . . enforcing a provision of Section

1981 . . . brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction."); *Knox v. Bland*, 632 F.3d 1290, 1291 (10th Cir. 2011). Judge Ortiz acted well within his judicial capacity in denying Thompson's motion to amend; denying a motion is an act "judicial in nature" and a "function normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

AFFIRMED.