FILED
United States Court of Appeals
Tenth Circuit

September 29, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CASEY C. BURRIS,

        Petitioner - Appellant,

v.

TRACY McCOLLUM, Warden,

        Respondent - Appellee.

No. 16-6185
(W.D. Okla.)
(D.C. No. 5:16-CV-00470-M)

ORDER DENYING CERTIFICATE
OF APPEALABILITY

Before **HARTZ**, **MURPHY,** and **PHILLIPS**, Circuit Judges.

This matter is before the court on Casey C. Burris's pro se request for a certificate of appealability ("COA"). Burris seeks a COA so he can appeal the district court's dismissal of his 28 U.S.C. § 2254 motion. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order "in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a COA); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that state prisoners must obtain a COA to appeal the denial of a 28 U.S.C. § 2241 habeas petition); *see also id.* § 2244(d)(1) (establishing a one-year statute of limitations on the filing of a §

2254 petition). Because Burris has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

On January 15, 1999, Burris entered a plea of nolo contendere in Oklahoma state court to multiple counts of committing Indecent and Lewd Acts with a Child, in violation of Okla. Stat. tit. 21, § 1123. The state court sentenced Burris to serve two, twenty-year consecutive sentences. Burris did not file a direct appeal, but did file three state-court applications for post-conviction relief, one each on November 30, 2000, January 28, 2015, and May 27, 2015. Each of the state court petitions for post-conviction relief was denied. On May 5, 2016, Burris filed the instant § 2254 habeas petition raising six discrete grounds for relief.

The district court dismissed Burris's habeas claims One through Three as untimely. *See* 28 U.S.C. § 2244(d)(1). In so doing, the district court concluded Burris was (1) not entitled to statutory tolling, *see id.* § 2244(d)(2), because he had not filed a qualifying state petition for post-conviction relief within the limitations period; (2) was not entitled to equitable tolling, *see Holland v. Florida*, 560 U.S. 631, 649 (2010), because he had not diligently pursued his rights; and (3) failed to make a remotely credible showing of actual innocence, *see McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The district court dismissed the remaining claims as not cognizable in a § 2254 habeas proceeding.

In particular, the district court concluded Burris's Claim Four was a civil rights claim that must be brought in a 42 U.S.C. § 1983 action. The district court concluded Claim Five challenged only the execution of Burris's sentence and, therefore, must be brought in a proceeding under 28 U.S.C. § 2241. To the extent that claim rested on state law violations, it did not state a cognizable federal habeas action. *Montez*, 208 F.3d at 865. Alternatively, to the extent Claim Five asserted the Oklahoma Department of Corrections lost jurisdiction over Burris as a result of a prison transfer, that claim did not implicate either the Constitution or federal law. *Id.* at 865-66. Finally, the district court concluded Burris's Claim Six sought mandamus relief directed to Oklahoma state courts, a type of relief unavailable in federal court. *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011).

The granting of a COA is a jurisdictional prerequisite to Burris's appeal from the denial of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Burris must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). When a district court dismisses a § 2254 petition on procedural grounds, a petitioner is entitled to a COA only if he

shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In evaluating whether Burris has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Burris need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* As a further overlay on this standard, we review for abuse of discretion the district court's decision that Burris is not entitled to have the limitations period in § 2244(d)(1) equitably tolled. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Having undertaken a review of Burris's appellate filings, the magistrate judge's report and recommendation, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Burris is not entitled to a COA. The district court's resolution of Burris's § 2254 petition is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **DENIES** Burris's request for a COA and **DISMISSES** this appeal. Furthermore, because Burris has not advanced a reasoned, non-frivolous argument on appeal, this court **DENIES** his request to proceed on

-4-

appeal *in forma pauperis* and orders him to immediately remit the full filing and docketing fees to the clerk of the district court. *See Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge