**Phillip ADAMS, Petitioner-Appellant,**

v.

**Warden BEAR, Respondent-Appellee.**

No. 17-6196

United States Court of Appeals,
Tenth Circuit.

Filed November 21, 2017

(D.C. No. 5:17-CV-00649-C) (W.D. Oklahoma)

Phillip Pat Adams, Pro Se

Before LUCERO, BALDOCK, and MORITZ, Circuit Judges.

## ORDER DENYING A CERTIFICATE OF APPEALABILITY *

Bobby R. Baldock, United States Circuit Judge

Petitioner Phillip Adams, a pro se state prisoner, filed a combined opening brief and application for a certificate of appealability (COA) in this Court. *See* 28 U.S.C. § 2253(c)(1)(A). The threshold question is whether this Court should issue a certificate of appealability from the district court's denial of habeas relief. Petitioner sought habeas relief under 28 U.S.C. § 2241 in the Western District of Oklahoma. On referral, the magistrate judge filed a thorough Report and Recommendation (R & R) recommending dismissal of the petition. The district judge adopted the R & R in its entirety and dismissed. Petitioner then filed a notice of appeal, which the district court construed as an application for a COA and denied. Petitioner next filed an application for a COA in this

Court. For this Court to grant a COA, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Because Petitioner fails to make this requisite showing, we summarily deny Petitioner a COA and dismiss his appeal.

We need not detail Petitioner's arguments challenging the district court's dismissal. Suffice to say we have carefully reviewed Petitioner's combined opening brief and application for a certificate of appealability, the record on appeal, and the magistrate judge's R & R recommending denial of the petition. Based on our review, we conclude the district court accurately analyzed the issues before it and properly dismissed the petition. Where the district court accurately analyzes an issue and articulates a cogent rationale, we see no useful purpose in writing at length. Thus, we reject Petitioner's arguments substantially for the reasons set forth in the district court's R & R, which ably explains why Petitioner is not entitled to a COA. We have only these brief comments to add.

We note Petitioner requests us to "reverse and remand for a hearing on merits of claims and on tolling time." Jurists of reason, however, could not disagree with the district court's decision to dismiss rather than conduct a hearing. Under Rule 4, "[i]f it plainly appears from the petition

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge *must* dismiss the petition...." Rules Governing Section 2254 (emphasis added); *see* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). The law is clear on each issue the district court addressed, plainly showing Petitioner is not entitled to relief. *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011); *Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010); *Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006). Thus, pursuant to Rule 4, the district court was required to dismiss the petition rather than conduct a hearing.

Petitioner also argues the district court erred in holding him, a pro se, disabled prisoner, to the standard of an attorney. A pro se petitioner should indeed be held to a less stringent standard than that of an attorney. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This means that "if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* The court, however, may not "assume the role of advocate for the pro se litigant." *Id.* The district court struck this balance well by interpreting Petitioner's action liberally but not reading the petition to include arguments the Petitioner had not actually made.

COA DENIED; APPEAL DISMISSED.

Petitioner's motion to proceed in forma pauperis is GRANTED.

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.