DLD-074                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3028
_____

ROBERT TAYLOR,
                                     Appellant

v.

MOTIONS UNIT CLERK OF COURTS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-01769)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 19, 2023
Before:  JORDAN, SHWARTZ, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 26, 2023)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Robert Taylor appeals the District Court's orders dismissing his complaint and denying his motion for summary judgment and default judgment. For the reasons set forth below, we will affirm the District Court's judgment.

I.

In April 2022, Taylor filed a complaint pursuant to 42 U.S.C. § 1983 and various state laws, naming as defendants the "Motions Unit/Clerk of Courts" of the Court of Common Pleas for Philadelphia County and an "unnamed, unknown clerk." See Compl. at 3. Taylor alleged that the Motions Unit clerk violated his rights under the First and Fourteenth Amendments, the Pennsylvania constitution, and several state statutes, by refusing to file his petition for expungement of a 2011 criminal conviction. He sought an injunction directing the defendants to file his petition.

The defendants filed a motion to dismiss Taylor's complaint, and Taylor filed a motion for summary judgment and default judgment. The District Court denied Taylor's motion in August 2022, and several months later, entered an order granting the defendants' motion to dismiss upon concluding, inter alia, that the defendants are immune from suit under the Eleventh Amendment. Taylor timely appealed.[1]

---

[1] He also has filed a motion to reverse the District Court's orders denying his motion and granting the defendants' motion.

2

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over a district court's dismissal of an action based on sovereign immunity. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d Cir. 1996). We may affirm on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action when no substantial issue is raised on appeal, see 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

III.

We agree with the District Court that the defendants are entitled to Eleventh Amendment immunity in this case. The Eleventh Amendment protects a state or state agency, as well as state officials, when the suit is in fact against the state, from suit in federal court unless Congress has specifically abrogated the state's immunity, or the state has waived it. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984); Karns v. Shanahan, 879 F.3d 504, 513 (3d Cir. 2018). "This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst, 465 U.S. at 100. As the District Court noted, we have held that Pennsylvania's judicial districts—of which the Motions Unit and Clerk of the Philadelphia Court of Common Pleas are a part—are entitled to Eleventh Amendment immunity as arms of the state. See Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008). This immunity

3

extends to Taylor's pendent state-law claims as well.  See Pennhurst, 465 U.S. at 120.

Congress has not abrogated Pennsylvania's immunity, nor has Pennsylvania consented to

suit in federal court or waived its immunity here.  See Downey v. Pa. Dep't of Corrs., 968

F.3d 299, 310 (3d Cir. 2020); 42 Pa. Cons. Stat. §§ 8521(b), 8522(b).

Moreover, we agree with the District Court that Taylor is not entitled to proceed

under the doctrine described in Ex parte Young, 209 U.S. 123 (1908), as Taylor did not

plausibly allege a continuing violation of federal law on the part of a state official.  See

Blanciak, 77 F.3d at 698 (explaining that a request for relief is not prospective where

"specific allegations target past conduct, and the . . . [requested] remedy is not intended

to halt a present, continuing violation of federal law").  Insofar as Taylor contended that

the defendants violated his due process and First Amendment rights by allegedly refusing

to file his expungement petition, the letter attached to Taylor's complaint demonstrated

only that the Motions Unit notified Taylor that he should re-file his petition after applying

for a pardon,[2] and Taylor has not alleged that he followed these instructions or has been

prevented from doing so.  Regarding Taylor's argument that the clerk had a "ministerial

duty" under state law to file his petition, Young is inapplicable to purported violations of

---

[2] These instructions appear consistent with state procedures.  As the District Court noted, Pennsylvania law allows for expungement of an arrest record, not a record of conviction as is at issue here, except in certain situations that Taylor has not alleged are applicable in this case.  See 18 Pa. Cons. Stat. § 9122.

state law. See Pennhurst, 465 U.S. at 106.[3] We therefore agree with the District Court's decision to dismiss Taylor's complaint. Likewise, the District Court properly denied Taylor's motion for summary judgment and default judgment.

We will accordingly summarily affirm the District Court's judgment.[4]

---

[3] Moreover, Taylor's requested relief—an order directing state judicial officers to take a specific action—is generally not one that a federal court has authority to issue, and certainly not one that is available under the circumstances of this case. Cf. In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that a district court lacked jurisdiction "to issue a writ of mandamus compelling action by a state official"); Knox v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011) (reasoning that "[w]e have no authority to issue . . . a writ to direct state courts or their judicial officers in the performance of their duties" (citation and internal quotation marks omitted)).

[4] Taylor's motion to reverse is denied.

5