**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 17, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BENJAMIN W. FAWLEY,

    Plaintiff - Appellant,

v.

LEA COUNTY BOARD OF
COMMISSIONERS; DANIELLE
ROMERO, Court Clerk II; SANDY
BODLE, Judicial Supervisor Specialist;
JENIFER SALCEDO, 5th Judicial District
Court Clerk III,

    Defendants - Appellees.

No. 22-2120
(D.C. No. 2:18-CV-01221-MV-KRS)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

    This is a pro se civil rights appeal brought by an inmate in state custody.  After

examining the briefs and appellate record, this panel has determined unanimously

that oral argument would not materially assist in the determination of this appeal.

*See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered

submitted without oral argument.  Below, the district court dismissed Fawley's case

_____

    [*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for failure to state a claim.  We affirm.  Fawley fails to state a claim because he cannot obtain the relief he seeks against Lea County or the County's court clerks.

## I.

Benjamin W. Fawley remains incarcerated and appears pro se.  In his original 42 U.S.C. § 1983 complaint, he alleged that Lea County and the County's court clerks violated his constitutional right to access the courts by failing to file a § 1983 case and a state habeas petition.  In all, he sought declaratory and injunctive relief, $400,000 in compensatory damages, and $400,000 in punitive damages.[1]  The district court dismissed Fawley's case without prejudice for failure to state a claim.  Though at the same time, the court granted him sixty days to file an amended complaint.

After the district court denied Fawley's motion for reconsideration, he filed an amended complaint.  He alleged that the clerks deprived him of his right to access the courts when they refused to file a petition for a writ of habeas corpus and a New Mexico Tort Claims Act complaint.  Notably, Fawley was eventually able to file both pleadings.  Regardless, he also maintains that the clerks' actions delayed his filing of both actions and deprived him of his Fourteenth Amendment right to equal protection.  Like before, the district court dismissed Fawley's case for failure to state a claim.  This time, however, the court dismissed his case with prejudice.  Fawley timely appealed.

---

[1] Fawley later acknowledged that the court clerks had immunity against his § 1983 claim for damages.  Thereafter, he only sought equitable relief against the clerks.

2

## II.

We review de novo an order dismissing an inmate's case for failure to state a claim. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). That means, like the district court, we must assess whether Fawley's amended complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, Fawley is pro se. As such, we review his complaint "liberally" and hold it to a "less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Fawley brings a § 1983 suit against Lea County and three of the County's court clerks. In the end, Fawley fails to state a claim against each defendant.

### A.

As a preliminary matter, Fawley raises a host of new claims on appeal that were "not pursued in the trial court." *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 722 (10th Cir. 1993). Such arguments that do not at all impact the district court's ultimate decision "cannot be the basis for the appeal," and we need not and will not address them for the first time on appeal. *Id.*

### B.

We shift focus to Fawley's claims against the local government, Lea County. On appeal, Fawley does not argue that the County has done anything specifically against him. Nor could he. His amended complaint contains no allegations of such.

3

Instead, Fawley solely focuses on the clerks' conduct. He argues that the clerks failed to file his pleadings and to thereby comply with the New Mexico Rules of Criminal Procedure. Thus, even liberally construing Fawley's amended complaint, the only way we could find Lea County liable is via some theory of *respondeat superior*, whereby the County is responsible for its clerks' actions.

We cannot do so. As the Supreme Court has already determined, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Rather, "the language of § 1983 . . . compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.*

Thus, to prevail on a § 1983 claim against Lea County, Fawley had to allege that the clerks' "execution of a government's policy or custom" gave rise to his injury. *Id.* at 694. Not only did Fawley fail to do so; he alleged the exact opposite of what he needed to. Instead of claiming that the clerks complied with and executed a policy, he said they did *not* comply with a handful of rules on the books. As a result, Fawley fails to state a § 1983 claim against the County.

## C.

Next up, we consider Fawley's claims against the County's clerks. Fawley "no longer seeks monetary damages, only equitable relief," against the clerks. R. at 231. As such, we turn our attention to whether Fawley can obtain injunctive relief. He cannot.

4

We need look no further than § 1983 to figure out that "injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (declining to grant injunctive relief because an inmate did not "show[] that either condition was satisfied"). Fawley's amended complaint does not allege that the clerks violated a declaratory decree or that declaratory relief was unavailable to him. Consequently, his § 1983 claims against the clerks fail. *See Knox*, 632 F.3d at 1292.

Given that Fawley cannot obtain the relief he seeks against either the County or its clerks, we need not get into the sufficiency of his court access and equal protection claims. Either way, he fails to state a claim upon which a court can grant relief. *See Ashcroft*, 556 U.S. at 678.

### III.

For these reasons, we affirm.[2]

Entered for the Court

Allison H. Eid
Circuit Judge

---

[2] We note that the district court's dismissal will count as Fawley's second strike under the Prison Litigation Reform Act even though Fawley paid his filing fees in full.

5