CLD-144                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1408
_____

JUSTIN JUAN DE LA CRUZ MARTINEZ,
                                                            Appellant

v.

JUDGE KATHERINE B. EMERY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-02010)
District Judge:  Honorable Robert J. Colville
_____

Submitted on the Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 27, 2024

Before:  KRAUSE, FREEMAN, and SCIRICA, Circuit Judges

(Opinion filed: July 17, 2024)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In the District Court, Justin Martinez sought to file an in forma pauperis complaint against Judge Katherine Emery after she issued an opinion and order dismissing four civil actions he had filed in the Court of Common Pleas for Westmoreland County. Citing 42 U.S.C. § 1983, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 18 U.S.C. § 241, and attaching Judge Emery's opinion to his complaint, Martinez alleged that Judge Emery had violated his First, Sixth, and Fourteenth Amendment rights by "making ruling/orders … under false pretenses" and unfairly ruling in favor of opposing counsel in four of his cases at once. ECF No. 6 at 3-4. He requested injunctive relief, namely orders that Judge Emery "cease and desist all involvement regarding the Plaintiff in all judicial matters immediately," that a "motion for retrial / new trial" that Judge Emery had heard in November 2023 be reheard by another judge, and that "all judicial proceedings regarding this complaint be suspended pending an investigation," or, in the alternative, that a new judge be assigned. Id. at 4. He also sought declaratory and "other relief as [the] court [saw] fit" and travel costs. Id. at 4-5.

The District Court permitted Martinez to proceed in forma pauperis. Then, on screening under 28 U.S.C. § 1915(e), the District Court dismissed his complaint with prejudice as frivolous and for failure to state a claim upon which relief can be granted.

2

Martinez appeals.[1]  Judge Emery has filed a motion to summarily affirm the District

Court's judgment.

As a preliminary matter, we must dismiss this appeal as moot to the extent that

Martinez sought relief that is no longer available.[2]  See Blanciak v. Allegheny Ludlum

Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of

adjudication that . . . prevent a court from being able to grant the requested relief, the case

must be dismissed as moot.").

To the extent that Martinez presents a live controversy over which we have

jurisdiction under 28 U.S.C. § 1291, we exercise plenary review over the District Court's

order.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  Upon review, we will

summarily affirm the District Court's ruling because no substantial issue is presented on

appeal.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Because the acts that Martinez described were acts taken in Judge Emery's judicial

capacity, injunctive relief is not available.[3]  See Azubuko v. Royal, 443 F.3d 302, 304 (3d

---

[1] He also asks us to transfer this case to Illinois.

[2] For example, we cannot turn back time to suspend any judicial proceedings that have
taken place or prevent Judge Emery's participation in them.

[3] Neither are damages available, to the extent that Martinez may have been requesting
them as "other relief."  See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978) (explaining
that judges are not civilly liable for judicial acts).

Cir. 2006) (holding that "because [a plaintiff] has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief sought by [the plaintiff] does not address the actions of [the judge] other than in his judicial capacity, [the plaintiff's] claim for injunctive relief is barred"). And to the extent that Martinez asked for an order directing state judicial officers to take a specific action (like recusing in all future cases or rehearing a motion), that relief is generally not one that a federal court has authority to issue, and certainly not one that is available under the circumstances of this case. Cf. In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that a district court lacked jurisdiction "to issue a writ of mandamus compelling action by a state official"); Knox v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011) (reasoning that "[w]e have no authority to issue . . . a writ to direct state courts or their judicial officers in the performance of their duties" (citation and internal quotation marks omitted)).

And we otherwise agree with the District Court there was no basis on which Martinez's conclusory statements lacking factual support could state a claim under 42 U.S.C. § 1983.[4] See generally Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a

---

[4] Bivens, which "provides for private rights of action against federal officials for certain constitutional violations," Bryan v. United States, 913 F.3d 356, 358 n.1 (3d Cir. 2019), is inapplicable. And the federal criminal law that Martinez cited does not provide an explicit or implied private right of action for him to sue Judge Emery. See Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare [federal] criminal statute"); cf. Diamond v. Charles,

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotations omitted)); <u>Renfro v. Unisys Corp.</u>, 671 F.3d 314, 320 (3d Cir. 2011) (stating that blanket assertions and conclusory statements by themselves do not suffice to show plausibility).

Lastly, we conclude that the District Court did not abuse its discretion in ruling that amendment would be futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).

For these reasons, we grant Judge Emery's motion and will affirm the District Court's judgment. Martinez's motion to transfer is denied.

---

476 U.S. 54, 64-65 (1986) (noting that private citizens cannot compel enforcement of criminal law).