**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1432
_____

JUSTIN JUAN DE LA CRUZ MARTINEZ,
                                        Appellant

v.

JUDGE LISA P. LENIHAN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-01405)
District Judge:  Honorable Robert J. Colville
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 2, 2024

Before: JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: August 5, 2024)
_____

OPINION[*]
_____

PER CURIAM

    In the Court of Common Pleas for Westmoreland County, Justin Martinez was

prosecuted for several offenses, including intercepting communications and using and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

disclosing them. In the United States District Court for the Western District of Pennsylvania, he has brought several lawsuits, claiming that his prosecutions (as well as earlier arrests and later rulings in state-court appeals) stem from a conspiracy against him. Four of those cases were against Judge Timothy Creany, who presided over his prosecution for the offenses relating to the interception of communications. Former Magistrate Judge Lisa Pupo Lenihan, who is now retired from the bench, handled some pretrial matters in some of them.

In a complaint that Martinez sought to file in forma pauperis ("IFP"), he alleged that in one of those cases, W.D. Pa. Civ. No. 2:23-cv-01130, Magistrate Judge Lenihan "began Conspiring in a court of law a Judge against [him] with Judge TIMOTHY CREANY." ECF No. 6 at 3. Citing "Title 42 U.S.C. Code 1983 … as well as Title 18 U.S.C. 41" and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and claiming a violation of his First Amendment rights, he contended that she allowed Judge Creany "to proceed with the Criminal proceedings . . . after [Martinez] had notified [her] that a number of issues were in question." Id. In addition, he asserted that an unnamed judge discussed by a police officer on the day that he was arrested for trespassing had to be Magistrate Judge Lenihan. Id. at 2.

Martinez requested that Magistrate Judge Lenihan be ordered "to cease and desist all involvement regarding [him] in ALL judicial matters immediately, … to recuse herself … on any judicial proceedings regarding [him]." ECF 6 at 4. He also asked that Judge Creany be ordered to "recuse himself or be removed," and "all judicial proceedings regarding this complaint [be] suspended" while the matter was considered and an

2

investigation undertaken, or, in the alternative, "given to another Judge." Id. at 4-5. And he sought declaratory and "other" relief.[1] Id. at 5.

The District Court permitted Martinez to proceed IFP and subsequently screened Martinez's complaint under 28 U.S.C. § 1915(e). On screening, the District Court dismissed the complaint as frivolous and for failure to state a claim upon which relief can be granted. Martinez appeals.[2]

As a preliminary matter, we must dismiss in part this appeal. After Martinez sued Magistrate Judge Lenihan, she recused in W.D. Pa. Civ. No. 2:23-cv-01130 and other matters involving him, and she has since retired. Accordingly, to the extent that he sought her recusal or removal from his actions (or similar relief), his requests are moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). Likewise, his request to suspend already completed judicial proceedings is moot; we cannot turn back time to grant that relief.

To the extent that Martinez presents a live controversy over which we have jurisdiction under 28 U.S.C. § 1291, we exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). However, we do not consider issues that Martinez does not raise.[3] See M.S. by & through Hall v.

---

[1] We construe his request broadly to include, inter alia, damages.

[2] He also presents a motion to transfer this case to Illinois.

[3] For instance, although Martinez mentioned the First Amendment in his complaint, he

3

Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (explaining that a party forfeits any argument that he does not raise in his opening brief).

Upon review, we will affirm the District Court's judgment. First, Martinez could not proceed under § 1983 against Magistrate Judge Lenihan, a federal magistrate judge. Section 1983 "protects against acts attributable to a State" and requires action under color of state law. Lindke v. Freed, 601 U.S. 187, 194-95 (2024); see also Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (requiring a plaintiff to allege that that [he] was deprived of a federal constitutional or statutory right by a state actor"). While any person can act "under color of state law" for purposes of § 1983 by participating in a joint conspiracy with a state official (for example, by acting with the help of, or in concert with, state actors), see Abbott v. Latshaw, 164 F.3d 141, 147-48 (3d Cir. 1998), Martinez did not plausibly plead such a conspiracy. See id. at 148 (describing as insufficient a complaint that "contains conclusory allegations of concerted action but is devoid of facts actually reflecting joint action").

Although Martinez also cited Bivens, the scope of Bivens is narrow. See Egbert v. Boule, 596 U.S. 482, 490-91 (2022) (listing three types of cases for which the remedy is

---

does not pursue any First Amendment claims on appeal. Likewise, he does not again mention the criminal laws he cited, which are inapplicable in any event, see, e.g., Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare [federal] criminal statute"). He focuses instead on his claim that Magistrate Judge Lenihan conspired with Judge Creany against him, see, e.g., 3d Cir. Doc. No. 13 at 9 ("The Plaintiff . . . alleges conspiring with another Judge, that of Timothy Creany."), and asserts that he stated a claim upon which relief can be granted, see, e.g., id. at 10 & 11.

available).  Where, as here, a litigant asks us to recognize a cause of action under Bivens that has not been recognized previously, we must exercise caution.  See id. at 491.  But, in this case, we need not reach the issue.  Even if, unlike "most every case," id. at 492, we thought that we were better equipped than Congress to recognize the action that Martinez proposes, Martinez would not prevail.  His allegations of conspiracy are simply not plausible.[4] [5]  See generally Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) (explaining that, to state a conspiracy, "a plaintiff must assert facts from which a conspiratorial agreement can be inferred"); cf. D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992) (en banc) (affirming a dismissal of a conspiracy claim under 42 U.S.C. § 1985 because of a failure "to assert any facts from which any type of conspiratorial agreement . . . can be inferred").  Furthermore, the District Court did not abuse its discretion in ruling that

---

[4] We additionally reviewed the docket for W.D. Pa. Civ. No. 2:23-cv-01130.  We see no suggestion of conspiratorial action in Magistrate Judge Lenihan's issuance of two orders (one granting Martinez IFP status and one notifying the parties about the form to consent to the Magistrate Judge's jurisdiction or to elect to have the case assigned to a District Judge) before she recused because Martinez had sued her in the action underlying this appeal.

[5] Also, to the extent that Martinez asked the District Court to order Judge Creany to recuse or take other actions in state-court proceedings, that relief is generally not one that a federal court has authority to issue, and certainly not one that is available under the circumstances of this case.  Cf. In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that a district court lacked jurisdiction "to issue a writ of mandamus compelling action by a state official"); Knox v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011) (reasoning that "[w]e have no authority to issue . . . a writ to direct state courts or their judicial officers in the performance of their duties" (citation and internal quotation marks omitted)).

amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

For these reasons, we will affirm the District Court's judgment.  Martinez's motion to transfer this case is denied.