**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1935
_____

JUSTIN JUAN DE LA CRUZ MARTINEZ,
Appellant

v.

JUDGE ROBERT J. COLVILLE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00274)
District Judge:  Honorable Christy Criswell Wiegand
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 18, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: September 19, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

In the Court of Common Pleas for Westmoreland County, Justin Martinez was

prosecuted for several offenses.  He subsequently brought several lawsuits in the United

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

States District Court for the Western District of Pennsylvania, claiming that his prosecutions (as well as earlier arrests and later rulings in state-court appeals) stem from a conspiracy against him. Judge Colville presided over 13 actions and dismissed them all. Martinez, in addition to challenging each of those decisions on appeal, sought to sue Judge Colville in the District Court in forma pauperis (IFP).

Martinez stated that he brought claims "pursuant to Title 42 U.S.C. Code 1983 … as well as Title 18 U.S.C. 241" and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), for violations of the First, Sixth, and Fourteenth Amendments "by Judge Colville in his capacity as a judge."[1] ECF No. 5 at 1 & 2. In his 61-page complaint, he detailed his disagreement with each of Judge Colville's decisions and claimed that the decisions were the result of "judicial bullying," see, e.g., ECF No. 5 at 4, "bias/prejudice of [the] court," see, e.g., id. at 9, and Judge Colville's conspiring with the defendants, see, e.g., id. at 6. In support of his claim of conspiracy, Martinez highlighted ways in which he believed that Judge Colville erred and emphasized that Judge Colville issued rulings in all his cases on the same day.

As relief, Martinez sought an order requiring Judge Colville "to cease and desist all involvement regarding [Martinez] in all judicial matters"; an investigation of all judicial proceedings described in the complaint and the suspension or overruling all the orders in those cases; reassignment of his federal cases if proceedings cannot be

---

[1] He misidentified the court in which Judge Colville presides as "the court of Allegheny County." ECF No. 5 at 1.

suspended; transfer of 52 cases that he filed in state court; and declaratory and "other relief."[2]

The District Court permitted Martinez to proceed IFP and screened Martinez's complaint under 28 U.S.C. § 1915(e). On screening, the District Court concluded that the complaint was "barred by judicial immunity and … therefore frivolous." ECF No. 3 at 3; see also id. at 5 (dismissing the complaint "with prejudice on the basis of judicial immunity under 28 U.S.C. § 1915(e)). Martinez appeals.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). However, we do not consider issues that Martinez does not raise.[3] See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (explaining that a party forfeits any argument that he does not raise in his opening brief). We may affirm on any basis supported by the record. See Talley v. Clark, No. 19-3797, --- F.4th ---, 2024 WL 3611794, at *2 (3d Cir. Aug. 1, 2024).

---

[2] On the civil cover sheet that he filed with his complaint, he stated that he sought $1,107,201.90.

[3] For instance, although Martinez mentioned the First and Sixth Amendments in his complaint, he does not pursue any claims related to those Amendments on appeal. Likewise, although he includes, in his brief, § 241 in a long list of laws that he wants applied, he does not again discuss the criminal law he cited. See Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) ("[I]t is well settled that a passing reference to an issue will not suffice to bring that issue before this court" (internal quotations marks omitted)). (The law is inapplicable in any event, see, e.g., Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare [federal] criminal statute").)

3

Upon review, we will affirm the District Court's judgment. Martinez argues that the District Court erred in concluding that Judge Colville is immune from his claims under § 1983. But the focus on immunity from § 1983 claims is beside the point. Martinez could not proceed under § 1983 against Judge Colville, a federal District Judge, see U.S.C.A. Const. Art. III, § 1; 28 U.S.C. § 133. Section 1983 "protects against acts attributable to a State" and requires action under color of state law. Lindke v. Freed, 601 U.S. 187, 194-95 (2024); see also Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (requiring a plaintiff to allege that that [he] was deprived of a federal constitutional or statutory right by a state actor"). While any person can act "under color of state law" for purposes of § 1983 by participating in a joint conspiracy with a state official (for example, by acting with the help of, or in concert with, state actors), see Abbott v. Latshaw, 164 F.3d 141, 147-48 (3d Cir. 1998), Martinez did not plausibly plead such a conspiracy. See id. at 148 (describing as insufficient a complaint that "contains conclusory allegations of concerted action but is devoid of facts actually reflecting joint action").

Although Martinez also cited Bivens, the scope of Bivens is narrow. See Egbert v. Boule, 596 U.S. 482, 490-91 (2022) (listing three types of cases for which the remedy is available); Fisher v. Hollingsworth, --- F.4th ---, No. 22-2846, slip op. at 12-14 (3d Cir. Aug. 15, 2024) (analyzing the import of Egbert). Where, as here, a litigant asks us to recognize a cause of action under Bivens that has not been recognized previously, we must exercise caution. See 596 U.S. at 491. But, in this case, we need not reach the

4

issue. Even if, unlike "most every case," id. at 492, we thought that we were better equipped than Congress to recognize the action that Martinez proposes, Martinez would not prevail. His allegations of conspiracy are simply not plausible.[4] See generally Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) (explaining that, to state a conspiracy, "a plaintiff must assert facts from which a conspiratorial agreement can be inferred"); cf. D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992) (en banc) (affirming a dismissal of a conspiracy claim under 42 U.S.C. § 1985 because of a failure "to assert any facts from which any type of conspiratorial agreement . . . can be inferred"). Furthermore, the District Court did not abuse its discretion in ruling that amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

For these reasons, we will affirm the District Court's judgment.

---

[4] Also, to the extent that Martinez asked the District Court to compel transfers in state-court proceedings, that relief is generally not one that a federal court has authority to issue, and certainly not one that is available under the circumstances of this case. Cf. In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that a district court lacked jurisdiction "to issue a writ of mandamus compelling action by a state official"); Knox v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011) (reasoning that "[w]e have no authority to issue . . . a writ to direct state courts or their judicial officers in the performance of their duties" (citation and internal quotation marks omitted)).