FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 25, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DEXTER HARRIS,

    Plaintiff - Appellant,

v.

DENVER DISTRICT COURT, Judge
Karen L. Brody; COLORADO COURT
OF APPEALS; COLORADO
ATTORNEY GENERAL, Philip J. Weiser,
Brittany Limes Zehner,

    Defendants - Appellees.

No. 25-1195
(D.C. No. 1:24-CV-03161-LTB-RTG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.

_____

Dexter Harris, a pro se[1] plaintiff currently serving a Colorado prison sentence,

appeals the district court's order construing his civil case against a state-court judge,

the Colorado Court of Appeals, and the Colorado Attorney General (together,

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a);
10th Cir. R. 32.1(A).

[1] We liberally construe Harris's pro se filings, "but we do not act as his
advocate." _United States v. Griffith_, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

defendants) as a 42 U.S.C. § 1983 action and dismissing it under *Heck v. Humphrey*, 512 U.S. 477 (1994). Harris maintains that he seeks only mandamus relief, so we affirm on the grounds that federal courts lack authority to issue writs of mandamus to state courts. *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011).

In November 2024, Harris sued defendants in federal district court, challenging events related to his state criminal conviction. He alleged various pretrial, trial, and postconviction errors that he claimed violated Colorado court rules and his federal and state due-process rights. Liberally construed, his complaint sought declaratory and injunctive relief, as well as relief under the mandamus statute, 28 U.S.C. § 1651. It asked the district court to order the state court to (1) appoint him counsel, (2) set a hearing on his postconviction motion, and (3) resolve his postconviction challenges and other alleged trial errors.

The district court granted Harris's request to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915. Acting on its authority under that statute and 28 U.S.C. § 1915A, the district court construed Harris's case as a § 1983 action and dismissed it without prejudice for failing to state a claim under *Heck*.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Harris appeals. Our review is de novo. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

---

[2] The district court also denied Harris leave to proceed IFP on appeal without prejudice and certified under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.

Harris argues that the district court erred in construing his complaint as a § 1983 action and relying on *Heck* to dismiss for failure to state a claim. In so doing, Harris confirms that the only relief he seeks is a writ of mandamus to compel the Colorado state court to take certain action. Federal courts, however, "have no authority to issue [writs of mandamus] to direct state courts or their judicial officers in the performance of their duties." *Knox*, 632 F.3d at 1292 (quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986)). Accordingly, Harris cannot secure relief and dismissal was appropriate. For this reason, we affirm. We also grant Harris's motion to proceed on appeal without prepayment of costs and fees; we remind him he is required to make partial payments until the filing fee is paid in full.

Entered for the Court


Nancy L. Moritz
Circuit Judge