**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PAMELA MARTINEZ MONDRAGON,

    Plaintiff - Appellant,

v.

SYLVIA F. LAMAR,

    Defendant - Appellee.

No. 23-2197
(D.C. No. 1:23-CV-00913-JB-LF)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

Plaintiff-Appellant Pamela Martinez Mondragon filed a pro se complaint alleging her federal civil rights were violated by the judge who presided over her divorce case in a New Mexico state court, Defendant-Appellee Sylvia F. Lamar. A United States Magistrate Judge concluded she failed to state a viable claim for relief and entered an order directing Ms. Mondragon to show cause why the case should not be dismissed and to file an amended complaint. Ms. Mondragon filed a

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

response that provided some additional facts but was not in the form of an amended complaint.[1]  After receiving Ms. Mondragon's response, the district court dismissed her claims with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Ms. Mondragon appeals.

We review the district court's dismissal of Ms. Mondragon's claims de novo. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009).  Because she proceeds without a lawyer, we liberally construe both her complaint, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), and also her brief on appeal, *McKinney v. State of Okla.*, 925 F.2d 363, 365 (10th Cir. 1991).

However, we will not act as her advocate and we "cannot take on the responsibility of serving as [her] attorney in constructing arguments." *Garrett*, 425 F.3d at 840.  "Even in the context of pro se litigants, the first task of an appellant is to explain to us why the district court's decision was wrong." *GeoMetWatch Corp. v. Behunin*, 38 F.4th 1183, 1231 (10th Cir. 2022) (brackets and internal quotation marks omitted).  "Recitation of a tale of apparent injustice may assist in that task, but it cannot substitute for legal argument." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015).

Applying these standards, we affirm the district court's dismissal of Ms. Mondragon's claims.  She alleged Judge Lamar violated her rights by disregarding her disability, by making her sign a settlement agreement she did not

---

[1] Even if we treat the factual allegations added by Ms. Mondragon's additional filing as part of her complaint, our analysis remains the same.

understand, and by violating medical privacy rights protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA).  She asked for money damages and for Judge Lamar to be reprimanded and removed from the bench.

The district court dismissed each of Ms. Mondragon's claims for the same reasons identified in the magistrate judge's order to show cause.

*First*, the court dismissed her civil rights claims for money damages "because Judge Lamar, as a state judge, is immune from monetary damages claims."  R. vol. II at 19 (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

*Second*, it dismissed her claim under HIPAA "because 'HIPAA does not create a private right of action for alleged disclosures of confidential medical information.'" *Id.* (quoting *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010)).

*Third*, the district court construed Ms. Mondragon's request to reprimand Judge Lamar as a claim for a declaratory judgment.  It dismissed that claim because her complaint did not allege facts sufficient to show the court should exercise its discretion to consider that request.  *See id.* at 20 (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (identifying factors considered by a district court when deciding whether to hear a declaratory judgment action)).

*Fourth*, the district court construed Ms. Mondragon's request to remove Judge Lamar from the bench as seeking an injunction against Judge Lamar.  It dismissed this claim "because [Ms.] Mondragon has not alleged Judge Lamar violated a declaratory judgment or that declaratory relief was unavailable," and § 1983 does not

3

allow injunctive relief against judges except in those circumstances. *See id.* (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)).

On appeal, Ms. Mondragon re-states her allegations, but she does not identify any error in the district court's reasons for dismissing her claims. She therefore gives us no reason to reverse. *See Clark v. Colbert*, 895 F.3d 1258, 1265 (10th Cir. 2018) ("[W]e will not question the reasoning of a district court unless an appellant actually argues against it." (brackets and internal quotation marks omitted)).

Regarding judicial immunity, she does not address the rule that "generally, a judge is immune from a suit for money damages." *Mireles*, 502 U.S. at 9. Such judicial immunity "is overcome in only two sets of circumstances," including for "nonjudicial actions" and actions "taken in the complete absence of all jurisdiction." *Id*. at 11–12. After de novo review, we agree with the district court that neither circumstance is alleged in Ms. Mondragon's complaint.

Ms. Mondragon's brief on appeal does not address the district court's conclusion that HIPAA does not allow her to bring a lawsuit against Judge Lamar. *See Wilkerson*, 606 F.3d at 1257 n.4. Likewise, her brief on appeal does not address the district court's reasons for dismissing her requests to reprimand Judge Lamar and remove her from the bench. We will not act as Ms. Mondragon's advocate, *see Garrett*, 425 F.3d at 840, and "[d]espite the liberal construction afforded [her] pro se pleadings, the court will not construct arguments or theories for [her]." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

4

Because Ms. Mondragon has not shown any error in the district court's reasoning or a reason for us to reverse the dismissal of her claims, we affirm.

Entered for the Court

Per Curiam